**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE<br>　　BRYAN P. GORMAN<br>　　　　Debtor | Chapter 7<br>Case No.: 23-40248-CJP |
| BENSON'S LUMBER &<br>HARDWARE, INC.,<br>Plaintiff<br>v.<br>BRYAN GORMAN<br>　　　　Defendant | Adversary Proceeding<br>No.: 23-04023 |

## **ANSWER**

Bryan Gorman, by and through his undersigned counsel answers the Complaint of Benson's Lumber and Hardware, Inc. ("Plaintiff") paragraph by paragraph as follows:

### I. JURISDICTION AND VENUE

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.

### II. FACTS

6. Admitted.
7. Denied. Southern End Realty, LLC is no longer operating.
8. Denied as SER is no longer operating.
9. Paragraph 9 of the Complaint refers to a document the terms of which speak for itself.
10. Paragraph 10 of the Complaint refers to a document the terms of which speak for itself.
11. Paragraph 11 of the Complaint refers to a document the terms of which speak for itself.

12. Paragraph 12 of the Complaint refers to a document the terms of which speak for itself.

13. Defendant admits that SER purchased and received goods from Plaintiff.

14. Defendant has insufficient information to form a belief as to the amount SER owes to Plaintiff.

15. Defendant has insufficient information to form a belief as to the amount of interest that has accrued and therefore is denied.

16. Defendant admits generally that discussions occurred between Plaintiff and SER regarding SER's account with Plaintiff. Defendant denies entering into any forbearance agreement with Plaintiff and denies that Plaintiff extending any further credit.

17. Paragraph 17 of the Complaint refers to a document the terms of which speak for itself.

18. Paragraph 18 of the Complaint refers to a document the terms of which speak for itself.

19. Paragraph 19 of the Complaint refers to a document the terms of which speak for itself. Defendant denies Plaintiff's entitlement to calculate interest pursuant to the SER Credit Agreement as the same was superseded by the Promissory Note.

20. Paragraph 20 of the Complaint refers to a document the terms of which speak for itself.

21. Admitted. The Promissory Note did not represent a new loan of money but was a recitation and acknowledgment of a preexisting debt of SER.

22. Paragraph 22 of the Complaint refers to a document the terms of which speak for itself.

23. Paragraph 23 of the Complaint refers to a document the terms of which speak for itself.

24. Paragraph 24 Paragraph 10 of the Complaint refers to a document the terms of which speak for itself.

25. Paragraph 25 of the Complaint refers to a document the terms of which speak for itself.

26. Defendant admits that the Promissory Note was secured by three condominium units SER was constructing in Lowell, Massachusetts. Defendant denies Plaintiff agreed to forebear or extended additional credit to SER.

27. Paragraph 27 of the Complaint refers to a document the terms of which speak for itself.

28. Paragraph 28 of the Complaint refers to a document the terms of which speak for itself.

29. Admitted.

30. Admitted.

31. Defendant admits that SER has not made any payments since the $60,000 paid in March 2020.

32. The Defendant admits there are reasons SER failed to make the final payment due under the Promissory Note.  In fact, there are multiple reasons, not the lease of which were the onset of COVID 19 pandemic which substantially delayed completion of the condominium units and the proceeds from the sales being insufficient to fully satisfy senior lien holders, leaving nothing available to pay Plaintiff.

33. Paragraph 33 of the Complaint refers to a document the terms of which speak for itself.

34. Admitted.  Answering further, Defendant did not draft the Promissory Note Mortgage and Security Agreement and was not specifically aware of which units were being given as collateral pursuant thereto.  The January 17, 2020 sale of Unit 1 at 42 Highland Street was a matter of public record which Plaintiff, in the exercise of reasonable due diligence would have discovered.

35. Denied.

36. Denied.

37. Admitted.

38. Defendant admits that the complaint of William Franks attached as Exhibit G to the Complaint was filed in the Middlesex Super Court.  Defendant denies such complaint alleges a "similar fraudulent scheme."  Answering further, the land that

was the subject of the Franks complaint was conveyed to Mr. Franks in December 2021 and the matter was subsequently dismissed by stipulation of the parties.

## COUNT I

39. No response required.
40. Plaintiff admits that paragraph 40 of the Complaint quotes the text of a statute.
41. Denied.
42. Denied.
43. Denied.
44. Denied.

## COUNT II

45. No response required.
46. Plaintiff admits that paragraph 46 of the Complaint quotes the text of a statute.
47. Defendant is not aware of any forbearance agreement or extension of further credit.
48. Denied.
49. Denied. Answering further, as the ownership of each condominium unit was a matter of public record, plaintiff's reliance solely on the Promissory Note, Security Instruments and 2020 guarantee was unreasonable.
50. Denied.
51. Denied.

## COUNT III

52. No response required.
53. Plaintiff admits that paragraph 53 of the Complaint quotes the text of a statute.
54. Denied.
55. Denied.

## COUNT IV

56. No response required.

57. Plaintiff admits that paragraph 57 of the Complaint quotes the text of a statute.

58. Denied.

59. Denied.

 

Respectfully submitted,
Bryan P. Gorman
By his attorney,

Dated: July 31, 2023

*/s/ Marques C. Lipton*
Marques C. Lipton, BBO #676087
Lipton Law Group, LLC
945 Concord Street
Framingham, MA 01701
(508) 202-0681
marques@litponlg.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE<br>    **BRYAN P. GORMAN**<br>        Debtor | Chapter 7<br>Case No.: 23-40248-CJP |
| **BENSON'S LUMBER &**<br>**HARDWARE, INC.,**<br>**Plaintiff**<br>v.<br><br>**BRYAN GORMAN**<br>        Defendant | Adversary Proceeding<br>No.: 23-04023 |

## CERTIFICATE OF SERVICE

    I, Marques Lipton, certify that I have this day served the following parties a true and correct copy of the Defendant's Answer:

**Via ECF**
Christopher Candon, counsel for Plaintiff.

**Via Email**
Bryan Gorman
Christopher Candon.


Dated: July 31, 2023                           */s/ Marques C. Lipton*
                                                                                   Marques C. Lipton