# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>BRYAN GORMAN,<br>    Debtor<br><br>BENSON LUMBER & HARDWARE INC.,<br>    Plaintiff<br>v.<br><br>BRYAN GORMAN,<br>    Defendant | Chapter 7<br>Case No. 23-40248-CJP<br><br><br><br>Adv. Pro. No. 23-4023-CJP |

## PRELIMINARY SCHEDULING ORDER

The Court hereby ORDERS:

1. **Duty to Cooperate and Preserve Evidence.** Pursuant to Fed. R. Civ. P. 26(b)(1) and (g), as made applicable by Fed. R. Bankr. P. 7026, discovery in this proceeding shall be proportional to the issues presented in the case. The parties and counsel shall cooperate during all aspects of discovery. Failure of any party or counsel to make required disclosures or cooperate in discovery may warrant the imposition of sanctions under MLBR 7037-1 and Fed. R. Civ. P. 37, as made applicable by Fed. R. Bankr. P. 7037. The parties shall preserve evidence relevant to the issues raised by the pleadings, including, without limitation, electronically stored information ("ESI"). Within **seven (7) days from the date of this Order**, unrepresented parties shall review the provisions of Fed. R. Civ. P. 37(e) and counsel shall confer with their clients regarding the duties of the parties to preserve evidence and Fed. R. Civ. P. 37(e).

2. **Initial Disclosures and Discovery Conference.** Not later than **twenty-one (21) days from the date of this Order**, the parties shall conduct an initial discovery conference in accordance with Fed. R. Civ. P. 26(f) (the "Rule 26(f) Conference"), at which the parties shall: (a) exchange the required disclosures under Fed. R. Civ. P. 26(a)(1) and (2); (b) confer on the issues set forth in Fed. R. Civ. P. 26(f)(2); and (c) stipulate, where possible, as to the proposed provisions of a discovery plan ("Discovery Plan"), which shall address the topics set forth in Fed. R. Civ. P. 26(f)(3).

3. **Joint Certification and Discovery Plan**. Within **fourteen (14) days of the Rule 26(f) Conference**, the parties shall file a copy of their Discovery Plan and a joint certification stating that the Rule 26(f) Conference has taken place and that each counsel has conferred with the respective represented parties regarding the duties of the parties to preserve evidence and the provisions of Fed. R. Civ. P. 37(e) or, if applicable, that unrepresented parties have reviewed the provisions of Fed. R. Civ. P. 37(e).

If one or more of the parties anticipate the disclosure or discovery of ESI in this matter, the parties

shall also ensure appropriate related ESI protocols are contained in the Discovery Plan and certify that the parties have conferred regarding the following:

    (A)    Any issues about preservation, disclosure, discovery or presentation of ESI, including the form or forms in which the ESI shall be provided and the nature and extent of the contemplated ESI discovery.

    (B)    The various sources of ESI within a party's control, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

    (C)    The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

    (D)    Whether the costs and burdens of discovery, especially discovery of ESI, may be reduced by entering into a protocols and non-waiver agreement pursuant to Fed. R. Evid. 502(e).

    4.    **Rule 16 Conference.**  **A telephonic case management conference under Fed. R. Civ. P. 16, as made applicable to this proceeding by Fed. R. Bankr. P. 7016, is scheduled for September 26, 2023 at 10:00 a.m. ("Rule 16 Conference")**. Parties may participate by dialing (877) 873-8018 and entering access code 1167883. Parties shall be prepared to discuss their Discovery Plan and whether the intended scope of discovery is proportional to the needs of the case as contemplated by Fed. R. Civ. P. 26(b)(1). The Court shall enter a further case management order after conducting the Rule 16 Conference, which shall constitute the order contemplated by Fed. R. Civ. P. 16(b)(1).

    5.    **Leave of Court Required for Modification; Sanctions.** This Order and deadlines established by the Court may not be modified absent further order of the Court. Failure to strictly comply with all of the provisions of this Order may result in the entry of a dismissal or a default, or sanctions, as the circumstances warrant in accordance with Fed. R. Civ. P. 16 and 37.

By the Court,

Dated: August 7, 2023

_____
Christopher J. Panos
United States Bankruptcy Judge